# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**CRAIG T. GOLDBLATT**
**JUDGE**



**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-3832**

June 16, 2026

**VIA CM/ECF**

Re:   *In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535;
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785

Dear Counsel:

Debtor EDMC was the corporate parent of a group of affiliated companies, including Art Institute, that ran for-profit colleges.[1]  The debtors collapsed into chapter 7 bankruptcy in 2018 after a wave of governmental investigations and lawsuits forced them to sell their various schools.  In 2020, the chapter 7 trustee filed an adversary proceeding in this Court (where the chapter 7 case is pending) in which he asserts fiduciary duty, fraudulent conveyance, and other claims against the company's former directors and officers.[2]  In a previous opinion, this Court granted in part, and denied in part, the defendants' motion to dismiss that action.[3]

---

[1] Education Management Corporation is referred to "EDMC."  The Art Institute of Philadelphia, LLC is referred to as "Art Institute."

[2] *Miller v. Nelson, et al.,* No. 20-50627 (Bankr. D. Del.).

[3] *Miller v. Nelson*, No. 20-50627, 2022 WL 18401591 (Bankr. D. Del. Jan. 12, 2022).

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 2 of 10

Thereafter, in November 2024, the chapter 7 trustee filed a separate lawsuit against other EDMC directors and/or investors in the Court of Common Pleas of Philadelphia County.[4]  Defendants then removed it to the U.S. District Court for the Eastern District of Pennsylvania, contending that the case was removable under 28 U.S.C. § 1452 because there is subject-matter jurisdiction over the case in federal court under 28 U.S.C. § 1334(b).[5]  That Court then transferred the case to the U.S. District Court for the District of Delaware.[6]  The District Court referred the case to this Court.[7]

Back when the case was pending in the U.S. District Court for the Eastern District of Pennsylvania, the trustee had moved the court to abstain from hearing the case, and remand it back to state court, on the ground that it was subject to mandatory abstention under 28 U.S.C. § 1334(c)(2).[8]

While none of the pleadings were filed on this Court's docket, the parties asked this Court rule on the motion to abstain and remand based on the briefing filed in the

---

[4] *Miller v. KKR & Co., Inc., et al.*, No. 241101799 (Penn. Ct. Common Pleas Phila Cty).  George Miller, the chapter 7 trustee appointed in the main bankruptcy case, is the plaintiff in this adversary proceeding ad is referred to as the "trustee."  KKR & Co., Inc. and the other defendants in this action are referred to collectively as the "defendants."

[5] *Miller v. KKR & Co., Inc., et al.*, No. 2:25-cv-00311, D.I. 22 (E.D. Pa. Feb. 11, 2025).  Items on filed on this docket are referred to as "E.D. Pa. D.I. __."

[6] E.D. Pa. D.I. 25.

[7] *Miller v. KKR & Co., Inc., et al.*, No. 1:25-cv-00442, D.I. 31 (D. Del. Apr. 30, 2025).

[8] E.D. Pa. D.I. 19.

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 3 of 10

Eastern District of Pennsylvania.[9]  The parties thereafter filed a notice of completion

of briefing in this Court, identifying the relevant filings on the Eastern District of

Pennsylvania docket.[10]  For the reasons set forth below, the Court concludes that the

trustee has failed to meet his burden of establishing the elements of mandatory

abstention.  The motion to remand and abstain will accordingly be denied.

## Jurisdiction

This Court has subject-matter jurisdiction over this action on the ground that

it is a claim that could have a "conceivable effect" on the bankruptcy estate and thus

falls within the "related to" jurisdiction set forth in 28 U.S.C. § 1334(b).[11]

## Analysis

Cases within the Court's § 1334(b) grant of subject-matter jurisdiction may

still be subject to mandatory abstention under § 1334(c)(2).  To that end, § 1334(c)(2)

provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[12]

---

[9] D.I. 27 (audio recording of Apr. 23, 2026 hearing before this Court).

[10] D.I. 28.

[11] *In re Resorts Intern., Inc.*, 372 F.3d 154, 164 (3d Cir. 2004) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

[12] 28 U.S.C. § 1334(c)(2).

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 4 of 10

As the Third Circuit has explained, this statutory language requires a party moving for mandatory abstention to establish each of the following five elements:

> (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.[13]

The moving party, of course, bears the burden of proving "all the requirements of mandatory abstention."[14]  This means that the moving party "must prove the existence of each element by a preponderance of the evidence."[15]  Where that burden is met, the court must abstain.[16]  "A party is not entitled to mandatory abstention," however, "if it fails to prove any one of the statutory requirements."[17]

Here, there is no dispute with respect to the trustee's satisfaction of the first, second, or fourth elements.  This case is based on a state law claims, it has been removed to the federal court because it falls within the "related to" jurisdiction, and an action was "commenced" in state court.  The defendants do, however, argue that the trustee has failed to satisfy the third and fifth elements.  *First*, the defendants

---

[13] *Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006).

[14] *In re SemCrude, L.P.*, 442 B.R. 258, 274 (Bankr. D. Del. 2010) (quoting *In re Mobile Tool Int'l*, 320 B.R. 552, 556 (Bankr. D. Del. 2005)).  *See also Stoe*, 436 F.3d at 219 n.5 ("Stoe had the burden of proving his right to mandatory abstention.").

[15] *In re Lorax Corp.*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003).

[16] *Stoe*, 436 F.3d at 213.

[17] *In re WorldCom, Inc. Securities Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003) (emphasis omitted).

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 5 of 10

assert that the trustee has "not shown the absence of alternative grounds for federal jurisdiction."[18]  *Second*, the defendants argue that the trustee has "not shown that the action can be 'timely adjudicated'" in state court.[19]  The Court will address those arguments in the reverse order.

**I.      The trustee has met his burden on the fifth element, timely adjudication, where he has presented unrebutted evidence supporting this element.**

"Where a dispute exists as to whether, on a motion for mandatory abstention, the action can be timely adjudicated in state court, the moving party bears the burden of persuasion."[20]  A naked assertion of timely adjudication alone will not suffice, and the moving party must present to the court evidence that demonstrates that the state court action can be timely adjudicated.[21]  The analysis of this element is not a measure of "whether the action would be *more quickly* adjudicated in [the bankruptcy court] than in state court, but rather, whether the action can be *timely adjudicated* in the state court."[22]

---

[18] E.D. Pa. D.I. 21 at 8-12.

[19] *Id.* at 12-15.

[20] *In re Georgou*, 157 B.R. 847, 850-851 (N.D. Ill. 1993).

[21] *SemCrude*, 442 B.R. at 274 (citing *In re Allied Mech. & Plumbing Corp.*, 62 B.R. 873, 878 (Bankr. S.D.N.Y. 1986); *Georgou*, 157 B.R. at 851).

[22] *In re Exide Techs.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008) (quoting *In re Freehand H.J., Inc.,* 2007 WL 1775368, *4 (Bankr. E.D. Pa. June 19, 2007)) (emphasis in original); *Stoe*, 436 F.3d at 219-220 ("[T]imeliness in this context must be determined with respect to needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed.").

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 6 of 10

So what counts as being "timely"?  The caselaw suggests, consistent with the statutory language, that this analysis turns largely on whether one can expect that the case can be adjudicated in state court in a way that will not unduly delay the bankruptcy proceedings.  For example, in *SemCrude,* the court found that the party seeking mandatory abstention failed to meet its burden when the state court case was just "at the starting line" in the context of chapter 11 bankruptcy proceedings that were well advanced.[23]

The Third Circuit in *Exide* found that a case could be timely adjudicated in state court when the "state court action was moving along expeditiously; the judge had made clear his intent to move the case forward; and the action had been placed in the docket of the Cook County Circuit Court, designed to facilitate the adjudication of commercial disputes."[24]  *Trans World* similarly found that the state action "was commenced on the same date as the filing of TWA's Complaint [and therefore] that the New York state court should be at least as far along in the proceeding as [the bankruptcy court]."[25]  For those reasons, the court concluded that the action could be timely adjudicated in state court.[26]

---

[23] *SemCrude*, 442 B.R. at 274; *Renaissance Cosmetics, Inc. v. Development Specialists Inc.*, 277 B.R. 5, 14 (S.D.N.Y. 2002).

[24] *Exide*, 544 F.3d at 218 n.14.

[25] *In re Trans World Airlines, Inc.*, 278 B.R. 42, 51 (Bankr. D. Del. 2002).

[26] *Id.*

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 7 of 10

As was true in *Exide*, the state court action here was assigned to a specialized docket, the commerce program, designed provide litigants with a "specialized and expeditious forum for the adjudication of complex corporate and commercial cases."[27] More fundamentally, this is a chapter 7 case in which the debtor sold its principal business assets before the bankruptcy filing.  This is not the kind of case in which the reorganization of a going concern business depends on obtaining a resolution of a dispute pending in state court.  While all parties would of course prefer to have the litigation resolved sooner rather than later so that the funds can be distributed to creditors, the record here is sufficient to lead to the conclusion that permitting the case to proceed in state court will not impair the operation of the bankruptcy case.  For that reason, the trustee has met his burden of establishing that the case can be timely adjudicated in state court.

## II.    The trustee has not met his burden on the third element, the absence of any basis for federal jurisdiction other than § 1334(b).

There is no dispute that this Court has subject-matter jurisdiction over this adversary under 28 U.S.C. 1334(b) as one "related to" these bankruptcy cases.  The relevant question under § 1334(c)(2), however, is whether that is the *only* basis for having the case in federal court.  The party seeking mandatory abstention must establish the *absence* of any other basis for federal jurisdiction to demonstrate that the case is subject to mandatory abstention under § 1334(c)(2).

---

[27] *See* E.D. Pa. D.I. 1-1 at 2 of 92 (state court docket, included in the notice of removal, showing assignment to the Commerce Program).

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 8 of 10

Here, the chapter 7 trustee argues that the case falls outside the district court's diversity jurisdiction under 28 U.S.C § 1332, and that the third element under § 1334(c)(2) is therefore satisfied. Diversity jurisdiction requires complete diversity among the parties and an amount in controversy in excess of $75,000.[28] The parties do not dispute that the amount in controversy element is met. As to the complete diversity requirement, the defendants contend that the trustee has not met his burden of ruling out the possibility that the complete diversity requirement is satisfied. In other words, the defendants say that it is at least *possible* that the plaintiff resides in a different state from that of all of the defendants.

In response, the trustee presents no evidence regarding the residence of any of the parties. Rather, he cites to 28 U.S.C. § 1441(b)(2). That provision, commonly referred to as the "forum defendant rule," provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[29]

That argument fails for two reasons. *First*, mandatory abstention under § 1334(c)(2) depends on whether the *plaintiff* could have filed the case in federal court absent bankruptcy jurisdiction in the first instance. If so, then the action is not subject to mandatory abstention. Whether the case could have been *removed* to

---

[28] 28 U.S.C. § 1332(a).

[29] 28 U.S.C. § 1441(b)(2).

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 9 of 10

federal court if the plaintiff originally filed it in state court has nothing to do with the question the statute asks.

*Second*, as the text of that provision reveals, the forum defendant rule applies only to actions removeable solely based on diversity jurisdiction. Here, the action was not removed on diversity jurisdiction. Rather, it was removed under 28 U.S.C. § 1452(a), the bankruptcy removal provision, which applies to cases within the federal court's bankruptcy jurisdiction. The forum defendant rule accordingly does not apply.

Because those arguments fail, the question turns on whether the trustee has met his burden of ruling out alternative bases for establishing federal jurisdiction over the lawsuit. The defendants point out that the trustee's motion to remand makes no mention of his own citizenship, let alone the citizenship of the defendants. As such, they argue that the trustee has failed to establish the absence of complete diversity.[30]

---

[30] The defendants also argue that the citizenship of defendant FS KKR Capital Corp. ("FS KKR"), which is alleged in the complaint to be a Pennsylvania entity, should be disregarded on the ground that it was fraudulent joined. As long as there is a "reasonable basis in fact or colorable ground" for naming FS KKR as a defendant, joinder is not fraudulent. The Court need only find that there exists "even a possibility" a state court could find the complaint states claim. The Court is not prepared to say such a possibility does not exist. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1992) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.").

*In re The Art Institute of Philadelphia LLC, et al.*, No. 18-11535,
*Miller v. KKR & Co. Inc., et al.*, Adv. Proc. No. 25-50785
June 16, 2026
Page 10 of 10

In his reply, the trustee contends that defendants have "presented no evidence concerning the citizenship of all the Defendants."[31]  That is true but beside the point in this context.  It is true, when a case is removed on the basis of diversity, that the removing party has the burden of showing that the parties are completely diverse.  But this case was not removed based on diversity.  It was removed under § 1452's bankruptcy removal provision.  And no one challenges that these requirements are met.  The current motion is the trustee's motion for mandatory abstention.  And in that context, the law is clear that the burden is on the trustee to show the *absence* of another basis for federal jurisdiction.  The record before this Court contains *no* evidence submitted by *any* party regarding the citizenship of any of the parties.  And when the record is devoid of any evidence, the party that bears the burden of proof has failed to meet it.  Here, the party who bears the burden is the trustee.  As such, he has failed to meet his burden with respect to the third element.

### Conclusion

For the foregoing reasons, the Court will deny the trustee's motion for mandatory abstention.  The Court will enter an order so providing.

Dated: June 16, 2026

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

---

[31] E.D. Pa. D.I. 23 at 2.